IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PNL HIGH COUNTRY, L.P.,            Civil No. 09-389-AA
                                              OPINION AND ORDER
       Plaintiff,

   vs.

FOSTER PEPPER LLP,

       Defendant.
_____

John T. Cox III
Edward Jason Dennis
Lynn Tillotson & Pinker, L.L.P.
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201

Matthew A. Goldberg
Kell Alterman & Runstein, L.L.P.
520 SW Yamhill Street, Suite 600
Portland, Oregon 97204
     Attorneys for plaintiff

Joseph C. Arellano
Todd L. Van Rysselberghe
Kennedy, Watts, Arellano & Ricks LLP
1211 SW Fifth Avenue, Suite 2850
Portland, Oregon 97204-3733
     Attorneys for defendant

Page 1 - OPINION AND ORDER

AIKEN, Judge:

Plaintiff filed a motion for partial summary judgment asserting that it is entitled to judgment as a matter of law on its claim for liability for professional negligence. Plaintiff's motion is denied.

## BACKGROUND

Plaintiff alleges that defendant failed to conduct a non-judicial foreclosure sale such that plaintiff would acquire marketable title. Plaintiff retained defendant to complete a non-judicial foreclosure sale on property adjacent to Nike Inc.'s world headquarters. That foreclosure occurred on July 16, 2008, and plaintiff purchased the property at public auction with a credit bid of $2,500,000. Upon completion of the foreclosure sale, plaintiff entered into a sales contract for the property with Nike on August 11, 2008, to close by August 25, 2008, for $6,000,000. Because a deed had transferred the property for the benefit of creditors to Tyrell B. Vance, LLC ("Vance") prior to the foreclosure, a title search revealed a defect in the foreclosure sale. Plaintiff alleges that defendant admitted to receiving notice of the transfer, but failed to notify Vance of the foreclosure sale. Plaintiff ultimately settled with Vance allowing plaintiff to close the sale with Nike. Plaintiff, however, alleges that the cost of settlement included significant monetary and non-monetary consideration by plaintiff

Page 2 - OPINION AND ORDER

in excess of the $500,000 tendered by defendant and its primary insurance carrier. Plaintiff asserts that it deserves to be compensated for the 127-day delay resulting from defendant's alleged negligence. Defendant's excess carrier has refused to take any responsibility for the alleged negligence. Plaintiff now seeks damages resulting from that professional negligence, and moves for partial summary judgment on the "duty" and "breach" elements of negligence. Plaintiff does not seek summary judgment on the amount of those damages.

## STANDARDS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Substantive law on an issue determines the materiality of a fact. T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Assoc., 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of a dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett,

Page 3 - OPINION AND ORDER

477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply when evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Electrical, 809 F.2d at 630.

## DISCUSSION

Plaintiff alleges that defendant negligently conducted the non-judicial foreclosure sale. To prevail on this claim, plaintiff must prove that: (1) defendant owed a duty to plaintiff; (2) defendant breached that duty; (3) the breach proximately caused plaintiff's injuries; and (4) damages occurred. Pereira v. Thompson, 2009 WL 2900711, at *9 (Or. Ct. App. Sept. 9, 2009).

Specifically, plaintiff argues that defendant owed a duty to plaintiff to conduct a foreclosure sale that would deliver marketable title and that defective notice caused plaintiff to receive defective title. Plaintiff alleges that defendant should have included Vance on the notice of default. Defendant disputes any claim of negligence by plaintiff. Specifically, that

Page 4 - OPINION AND ORDER

defendant did not owe a duty to plaintiff when notice issued and that even if a duty was owed, issues of fact exist regarding whether defendant breached that duty to plaintiff by going forward with the foreclosure sale. Assuming that plaintiff hired defendant to complete the non-judicial foreclosure proceeding on July 7, 2008, the foreclosure sale was scheduled for July 16, 2008, nine days later. By statute, a notice of sale must be served no less than 120 days prior to the foreclosure sale. Or. Rev. Stat. 86.740(1). In order to satisfy the statutory notice requirement, defendant would have had to reschedule the foreclosure sale into November 2008, or later.

Defendant argues that plaintiff has no evidence that defendant owed a duty to plaintiff at the time the notice was prepared because plaintiff did not become a client of defendant's until nearly four months later. See Roberts v. Fearey, 162 Or. App. 546, 550, 986 P.2d 690 (1999)(lawyer owes no duty to protect economic interests of a non-client); Huang v. Claussen, 147 Or. app. 330, 334-35, 936 P.2d 394 (1997)("duties inherent in the attorney-client relationship will not be presumed to flow to third parties and will not be presumed to arise by implication"). I find disputed issues of material fact exist surrounding the standard of care as it applied to plaintiff's relationship with defendant, particularly when defendant, after being retained by plaintiff, proceeded with the foreclosure sale without notifying

Page 5 - OPINION AND ORDER

Vance. The disputed factual issues are highlighted upon consideration of the various affidavits filed in this case. Therefore, the court is unable to rule as a matter of law on plaintiff's motion, and it is denied.

## CONCLUSION

Plaintiff's motion for partial summary judgment (doc. 29) is denied. Defendant's request for oral argument is denied as unnecessary. The parties are encouraged to contact the court if interested in a judicial settlement conference.

IT IS SO ORDERED.

Dated this 15 day of January 2010.

_____
Ann Aiken
United States District Judge